The People, ex rel. Griffen, v. Steele and others.

## IN THE SUPREME COURT — GENERAL TERM.

On the First Monday of April, 1848.

Present, Cady, Pr. Justice.
Willard, Justice.
Edmonds, Justice.

Steele and others ads. The People ex rel. Griffen.

The People, ex rel. Griffen, v. Steele and others.

A writ of error will not lie to review in the Court of Appeals the determination of the Supreme Court at a Special Term awarding a peremptory mandamus.

The return to an alternative mandamus having, upon motion to quash it, been held insufficient, and a peremptory writ awarded, the Special Term has no power to order a record to be made up of a judgment as if rendered on demurrer.

The General Term will not order such record to be made.

The Special Term has power to issue a peremptory writ of mandamus.

A judge at chambers has no authority to stay proceedings on a peremptory mandamus.

Since the supplement to the new code of practice, an award of a peremptory mandamus may be reheard at a General Term, on the certificate of a judge that it is a proper case to be so heard.

But when the peremptory mandamus has not been obeyed, the court will require it to be obeyed before any rehearing take place.

After the determination of the court, at the last January Special Term, held by Edmonds, Justice, awarding a peremptory writ of mandamus, the relator, on receiving notice from the defendants of a motion to compel him to file a record, or, on failure, that they be permitted to do it, made up and filed a record setting forth, truly, the proceedings in the cause. The order staying proceedings till the motion to compel such record could be heard, having, thereupon, been rescinded, and the peremptory writ issued and served on the 2d day of February last, and an attachment having been ordered against the defendants, for disobeying the mandamus, they, notwithstanding, pursued their motion, which still remained undis-

The People, ex rel. Griffen, v. Steele and others.

posed of, that a record be made up of a judgment on a formal demurrer, which the court allowed, and on the 16th of March they filed such a record in addition to the one on file. The clerk, in making his transcript for a return to the Court of Appeals, of the writ of error with which he had been served, having inserted both records, the defendants obtained an extension of the time for the return of the record, and then gave notice of motions in the General Term of the Supreme Court, that the record filed by the relator; that the order of Judge EDMONDS of the 2d of February, rescinding his own order staying proceedings by the relator; that the peremptory writ of mandamus; that the proceedings under the rule for an attachment; that the writ of attachment; that the various orders made in behalf of the relator — be all set aside. They obtained from W. Rockwell, Esq., county judge for Kings county, an *ex parte* order to stay all proceedings, and served the sheriff with a copy, who, regarding himself bound by it, declined to serve the writ of attachment. The counsel for the relator then presenting to the court a copy of this proceeding, suggested its illegality, and upon their motion the order was declared void, and the sheriff directed to execute the attachment. The defendants then applied to N. B. Morse, Esq., a justice of this court, residing in Brooklyn, and obtained from him a similar order for a stay of proceedings, and served the sheriff with a copy. They also obtained from him an order staying all proceedings on any attachments which had been, or should be, issued against the defendants in this cause, till the motions in the General Term should be heard.

The relator gave notice of motions, that the order allowing the defendants to make up and file a record be set aside, and that the record by them filed on the 16th March last be taken from the file, and that the various *ex parte* orders, staying proceedings, be revoked and declared void. The motions of both parties as to the records and the questions therewith connected, were brought on and considered together.

*Mr. Dikeman,* for the defendants, contended: —

I. That all proceedings on the part of the relator had been stayed by the chamber order of the judge, on the 31st of January, and that, with that order in force, a record could not be filed. The relator had no right to take any action in the cause till that order should be regularly set aside.

II. That the record filed by the relator was not such a record as by law they were entitled to have made up. It was not a record of a judgment in the legal sense of the term.

III. That the determination of the writ was, in a legal sense, a judgment, and might be reviewed by a writ of error.

IV. That no judgment could be rightfully perfected till the expiration of four days after the decision was made, and the issue of the writ of mandamus within that time was irregular and unlawful.

*Mr. Child*, for the relator, in reply, contended:—

I. That no writ of error can be maintained upon the determination had in this cause, and referred the court to his argument upon the discussion of this question in the court below, and to the authorities there cited; and for the reasons there given, insisted that it is well settled that in this case the writ of error will not lie.

II. That the record filed by the defendants, and the order allowing it, should be set aside. First, because it is false. It is admitted that no demurrer, or joinder in demurrer, was ever put in, and yet this record is made to assert the palpable falsehood, that the determination was made on a formal demurrer; second, because it represents the court as deciding a case over which, at a special term, it had no jurisdiction.

III. The defendants' claim, that the relator's record was prematurely filed, and the peremptory mandamus prematurely issued, is without foundation.

IV. That the various orders procured by the defendants ought to be vacated and declared void, as calculated to impede the due administration of justice.

*Willard, J.*, delivered the opinion of the court:—

The defendants move to set aside, for irregularity, a judgment record, filed on the 2d of February, 1848; and also to vacate an order made by Judge EDMONDS, on the 2d of February last, rescinding an order made by him, on the 31st of January last, staying the relator's proceedings. The irregularity in relation to the judgment is alleged to be that it was filed on the 2d of February, before Judge EDMONDS had vacated his order staying proceedings; and also that it is not made up in conformity to the decisions of the court.

From the papers used on the motion, it appears that at the last September Special Term of this court, held in this city, before Justice EDMONDS, an alternative mandamus was issued to the defendants, trustees of the Centenary Methodist Episcopal Church in the city of Brooklyn, commanding them to admit the relator to the use of the pulpit and altar in said meeting-house, as minister, preacher, and pastor, or make it known to the said Supreme Court, on the 20th of September, 1847, why they had not done so. That, on the 17th of December last, the defendants made a return to the said alternative mandamus as awarded, which the said Supreme Court, at a Special Term, in January last, after hearing the respective parties, adjudged insufficient, and awarded a peremptory mandamus to the defendants. A record reciting these proceedings according to the facts, as it is contended by the relator, was made up, signed by the clerk, and filed on the 2d of February. And the peremptory mandamus was issued, and served the same day. The defendants also move to set aside that writ, as irregularly issued. For this purpose, it is shown that on the 31st of January last, immediately on the decision of the cause, Judge EDMONDS, upon the application of the defendants, made an *ex parte* chamber order, staying proceedings, on the part of the relator, to enable him to apply to this court for an order requiring the relator to make up a record, or, in default thereof, to permit the defendants to make it up. This order was vacated *ex parte* by Judge EDMONDS, on the 2d of February, on the relator having made up and filed his record. And notice of such vacation, and of the filing of the record,

and that a peremptory mandamus was issued, was served on the defendants' attorney the same day. The order itself, or a copy, was not served, and this is alleged as an irregularity. It is alleged, also, that the peremptory writ was served upon the defendants before notice of the order vacating the order to stay proceedings was served.

On the 3d of February the defendants sued out a writ of error to the Court of Appeals, and put in bail for the prosecution thereof, and filed the same, with the requisite certificate of counsel, on the same day, with the clerk, and gave notice thereof to the attorney of the relator.

A motion was afterward made, at a Special Term, to compel the relator to make up, or permit the defendants to make up, and file a different record; and Judge EDMONDS, on the 7th of March, 1848, made an order, at Special Term, that the relator should make up a record containing the amended return, demurrer, and joinder, and judgment, or, in default thereof, the defendants should be permitted to make one up in that form. The relator having failed to make up such record, the defendants made one up, and filed it; and the object of the second motion is, to set aside such last mentioned record.

A variety of other matters are detailed in the affidavits, but are not deemed material to a decision of this motion.

The Constitution (art. vi, § 6) provides that any justice may hold a Special Term, and any three, of whom a presiding justice shall be one, may hold the General Term. The Constitution does not prescribe the power to be exercised by a Special Term. This has been left for legislation. The judiciary act of 1847, section twenty, under which these proceedings were had, seems to contemplate that nothing on the law side of this court should be transacted at a Special Term but non-enumerated business — a class of business well understood at the adoption of the Constitution. The jurisdiction of the Special Term, under the present Constitution, is less than that possessed by a Special Term under the Constitution of 1821; since, by that Constitution, any one of the justices of the Supreme Court could hold the said court. It may be

doubted whether an issue at law, arising on demurrer, can be heard at a Special Term.

Most of the questions raised on these motions, are questions of regularity, which belong to a Special Term. The motion to set aside the writ of peremptory mandamus for irregularity is clearly of that character, so also is the motion to set aside the record filed by the relator.

The motion on the part of the relator to set aside the record made up and filed by the defendants, in pursuance of an order at the Special Term, is in the nature of an appeal from the Special to the General Term. Before the adoption of the Code of Procedure, no mode was pointed out for conducting such appeal on the law side of the court. The twentieth section of the judiciary act gave a rehearing in matters of equity, but was silent as to other proceedings. The right, however, to bring up for re-examination before a General Term, decisions made at a Special Term, no doubt existed, although it was not regulated by the judiciary act. It cannot be presumed that the decision of a justice holding a Special Term was final, and beyond the reach of review, because the means for reviewing it were not pointed out. Error will not lie, it has been held, from the Special Term to the Court of Appeals. The policy of the Constitution cannot be carried out, without occasionally bringing before the General Term, for re-examination, proceedings which have been passed upon at a Special Term. This, I think, might be done before the adoption of the Code; but it would be the duty of this court to restrict such re-examination to cases of magnitude and importance.

The ninth section of chapter two of the supplement to the Code is now in force. It is retrospective as well as prospective. It allows a party aggrieved, by an order made at a Special Term, in an action at law, or in a special proceeding, when it involves the merits of the action or special proceeding, or some part thereof, to appeal therefrom to the court, at a General Term. No such appeal can be taken, unless a justice of this court certifies, in pursuance of the tenth section, that, in his opinion, it is proper that the questions arising on that appeal

should be decided at a General Term. The court, at a General Term, may, on such appeal, reverse, affirm, or modify, the order appealed from. The statute does not fix any limit in which the appeal may be made, nor does it require bail from the appellant; nor does it direct a stay of proceedings pending the appeal. The statute is intended as a temporary act.

I think the order of Judge EDMONDS was erroneous in requiring a record to be made up as if the decision had been made by this court. That record should be vacated, but without prejudice to the right of the defendants to appeal to this court from the order of the Special Term, granting a mandamus. The other record will not impede the rights of the defendants to appeal.

I should incline to allow the defendants, in abandoning their writ of error, to appeal to this court. It is understood that no writ of error lies to the Court of Appeals from the Special Term.

The record of a judgment made up by the defendants must, therefore, be taken off the files as irregular. As to that made up by the relator, it is of no consequence, whether it remains on the files or not, for no writ of error will lie upon it. But under sections nine and ten of chapter two of the supplement to the Code, the defendants may have a rehearing of the main question decided at the Special Term, and it is only thus, through such rehearing, that the question can be carried to the Court of Appeals.

In the mean time, as the Special Term has power to issue a peremptory mandamus, as the statute (2 R. S. 587, § 57) directs that it shall issue without delay; and as there is no power, when the court have awarded it, to stay proceedings upon it, all the orders to that effect must be vacated, and the writ be obeyed.

The court then made an order, directing that the order at the Special Term, permitting the defendants to make up a record, as upon a demurrer, be vacated, and that the record by them made, on the 16th of March last, be taken from the files of the court; and that the defendants' application to set aside the

relator's record be denied; and, directing further, that all orders made upon the application of the defendants, staying proceedings on the peremptory writ of mandamus, be set aside, and declared null and void; and, directing further, that the defendants' application to set aside the peremptory writ of mandamus be denied, and that said writ be by them forthwith, and without delay, obeyed.

Upon the entry of this order, the defendants gave notice of their purpose to submit to it, and, in obedience to the commands of the writ of mandamus, delivered up the possession of the pulpit and altar of the meeting-house, and stipulated with the attorney of Mr. Griffen, to deliver the possession of the parsonage, on demand, either to him or any other minister of the New York Conference, who should at their next meeting be appointed to. the Centenary Methodist Episcopal Church.

## AT CHAMBERS—NEW YORK.

### MAY, 1847.

Before EDMONDS, Justice.