Collins v. Ripley, County Judge.

Where a complainant in chancery alleges that he is a citizen and resident of the county, and, as such, interested in the public welfare, he shows such an interest as entitles him to present a petition for, and obtain an injunction to, restrain a public officer from the commission of an act which would be a public wrong.

The words, "in these respects," in section 2506 of the Code, refer to the person or body to whom the bond is made payable; and, under the same section, a bond running to the county judge is the same as if made to the county, and can be sued upon by it.

The fact that a bond for an injunction, to restrain a county officer from committing a public wrong, is executed to the county judge in his official capacity, instead of the county itself, affords no grounds for dissolving the injunction.

*Appeal from the Floyd District Court.*

Friday, April 8.

In March, 1858, a petition was presented to the county judge of Floyd county, praying that a vote might be taken at the succeeding April election, upon the question of the removal of the county seat from St. Charles to section

twelve, township ninety-five north, range sixteen west, near the geographical center of the county. The petition was granted, and notice issued for such an election.

During the same month, a petition for an injunction was presented to the Hon. T. S. Wilson, judge of the second judicial district, to restrain further proceedings in the above matter. This petition represented that David Ripley, the county judge of Floyd county, had acted as an attorney and counselor in the same, giving advice and direction therein ; that he had signed one of the petitions ; and that he was interested, being the owner of part of the section twelve, upon which the applicants sought to locate the county seat. It is further shown, that before the final action of the judge upon the matter, affidavits were filed, stating the above objections to his acting, but that he disregarded them, and proceeded therein, and afterwards refused to allow an appeal. The petition further states that a large portion of the names appended to the request presented to the judge, were not originally subscribed to that petition, but were cut from various other petitions, and attached to that one.

On the 10th of March, the judge of the district court allowed the injunction, restraining the county judge and justices of the peace of Floyd county, from canvassing the votes which might be cast at the April election upon the above question, and from declaring the result. He further ordered the petitioner in this bill to give bond in the penal sum of one thousand dollars, payable to the county judge of Floyd county. Such bond was given, and was approved by the clerk.

At the June term, 1858, of the district court, the respondent filed a motion to dissolve the injunction, " for the reason that there is no party or respondent to whom the bond can run, and that the inability of the respondent to sue upon the bond in this case filed, is a sufficient reason for dissolving the injunction ;" and second, because " A. L. Collins does not show himself entitled to become the rela-

tor." The court sustained this motion, and the complainant appeals.

*Wiltse & Fairfield*, for the appellant.

*J. O. Crosby*, for the appellee.

WOODWARD, J.—The error assigned is the sustaining the motion to dissolve the injunction, " for the reasons set forth in said motion ;" and we will limit ourselves to these reasons.

When the defendant says that the petitioner is not entitled to become relator, we presume he means petitioner, for it is only the position of a complainant in a bill in equity, praying an injunction, that Collins assumes, and not that of relator in an information for a *mandamus* or for a *quo warranto*.

We do not readily see the force of the reasoning assigned in the motion. Collins complains in behalf of himself and others, as it is understood, though imperfectly stated, whom he represents to be citizens and residents of St. Charles, the present county seat ; and avers that they are directly and materially interested in the retention of it at that place. His position as a citizen, and his interest as such in the public welfare, entitle him to present a petition to restrain a public officer from an act which would be a public wrong. There is some analogy between this, and the case of a relator applying for a *mandamus* in a public matter, and it has been held that one holding such relations, might present an information for that purpose. See *The State, ex rel. Rice* v. *The Co. Judge of Marshall Co.*, 7 Iowa, 186 ; and *The State, ex rel. Byers* v. *Bailey, County Judge, et al.*, 7 Ib., 390. The doctrine held in those cases, is sufficient to sustain the position of the petitioner in this case.

And the other objection does not appear to have more force than the above. The district judge ordered the

bond to be given to the county judge, and it is so given to him in his official capacity.   The Code, (section 1693), provides, that when a bond is given to the state, a county, or any officer, whether intended for the security of the public or individuals, suit may be brought thereon by any person intended to be thus secured.   And section 2506 enacts, that bonds relating to public matters, and concerning the inhabitants of a county, may be made payable to the county; and if concerning the inhabitants of more than one county, may be made payable to the state.   But a mistake in these respects will not vitiate the security.   Here the words " in these respects," refer to the person or body to whom the bond is made payable, so that the security in the present instance, running to the county judge, is the same as if made to the county, and can be sued upon by it. There is, then, no want of a party obligee, nor of a person competent to sue, and the objection fails.

Therefore, the order of the district court is reversed, and the cause remanded.