THE MONTICELLO BANK v. SMITH *et al.*

Injunction: APPEAL FROM ORDER OF COUNTY JUDGE. No appeal lies to the Supreme Court from an order of a county judge dissolving an injunction.

*Appeal from Dubuque District Court.*

WEDNESDAY, JULY 1.

INJUNCTION. — The plaintiff appeals.

*O'Niell & McNulty* and *Griffith & Knight* for the appellant.

*D. E. Lyon* for the appellees,

The Monticello Bank v. Smith.

COLE, J. — The plaintiff, claiming to be the owner of an unsatisfied judgment, which was a lien upon part of a

INJUNCTION:
appeal from
order of
county judge.

mineral lot in Dubuque, filed a petition in the District Court to set aside an assignment of the judgment, appearing upon the record to have been made by plaintiff's attorneys, and to enjoin the defendants from prosecuting their mining operations on said part of said lot, whereby plaintiff's security for the payment of the judgment was being greatly impaired. On *ex parte* application to the county judge of Dubuque county, an order for injunction was duly made. The writ of injunction was issued and served upon the defendants. Thereupon the defendants filed their answer, and moved, on petition and answer, the dissolution of the injunction. Upon the hearing of this motion before the county judge, he dissolved the injunction. From that order the plaintiff appeals to this court.

The appellees' counsel makes the point that no appeal lies to this court from an order of a county judge dissolving an injunction. The appellant's counsel, in their printed argument, claim the right of appeal in such case, under Revision, section 2632, subdivision 2. We examine this question first, since upon it may depend our right to adjudicate the other questions involved in the case. Our statute provides (Rev. § 3775), that, when the District Court is in session in the county, application for injunction must be made to it; if not in session, application therefor may be made to any judge of the Supreme or District Court, or to the judge of the County Court of the proper county.

It is also provided by our Revision of 1860 as follows:

" SEC. 2631. The Supreme Court has an appellate jurisdiction over all judgments and decisions of any of the District Courts, as well in case of civil actions properly so

called, as in proceedings of a special or independent character.

" SEC. 2632. An appeal may also be taken to the Supreme Court from the following orders :

*   *   " 2. A final order made in special proceedings affecting a substantial right therein, or made on a summary application in an action after judgment.

" 3. When an order grants or refuses, continues or modifies, a provisional remedy, or grants, refuses, dissolves or refuses to dissolve an injunction or attachment; when it grants or refuses a new trial, or when it sustains or overrules a demurrer.

" SEC. 2633. If any of the above orders are made by *a judge of the District Court*, the same is reviewable in the same way as if made by the court."

From these provisions of our statute, which are substantially all that bear upon this question, it seems too clear to require argument to show, that an appeal does not lie to the Supreme Court from an order made by a county judge dissolving an injunction. The right to appeal from an order made by a judge at chambers is a very unusual, not to say extraordinary, remedy. It certainly has no existence except by force of the statute, and the statute only gives the right to an appeal from an order made by *a judge of the District Court*. We need not inquire why it is not as *reasonable* that a party should have an appeal from the same order when made by a county judge as when made by a district judge; because the legislative will, not reason alone, is the measure of the right, and that will has given it in the one case and not in the other. But there may not be very much difficulty under the circumstances in ascertaining the reason for the law; although of that we need not now inquire. What we hold is that there is no appeal, under our statute, to the Supreme Court, from an order made by a

county judge dissolving an injunction. The appeal in this case is dismissed at the costs of the appellant, the plaintiff.

.　Appeal dismissed.