In re Curley.

Reversed.

## IN RE CURLEY.

1. **Habeas corpus:** APPEAL FROM DECISION OF SUPREME JUDGE. An appeal to the supreme court does not lie from a decision or order of one of the judges thereof, in a habeas corpus proceeding.

2. **Criminal law:** POOR CONVICT. It seems that actual imprisonment for thirty days is necessary to entitle a prisoner to the right to be liberated as a poor convict, upon the making of the oath, schedule and notes as provided by section 5005 of the Revision. Constructive imprisonment is not sufficient.

### *Appeal from Polk County.*

### THURSDAY, APRIL 18.

THE applicant for the writ of habeas corpus in this case, John S. Curley was, at the March term, 1871, of the district court for Polk county, convicted of the crime of nuisance, and was sentenced to pay a fine of $800 and costs; and in default of payment to stand committed to the county jail for the period of two hundred and forty days, unless the same was sooner paid. The said Curley left Polk county for the east on the morning of the sentence, and did not return until after the expiration of more than thirty days from the date of said sentence. Upon his return, the sheriff of Polk county arrested him on proper

process, under said judgment and sentence, for the purpose of committing him to jail pursuant thereto.

As soon as he was arrested, he made an affidavit that he was unable to pay the fine and costs, and a sworn schedule of all his property, which, together with his promissory note for the amount of said fine and costs, payable to the treasurer of the county, he tendered to the sheriff, and demanded that he be liberated under the statute for the liberation of poor convicts. Rev., § 5005. The sheriff refused to liberate him, and thereupon he applied for and obtained from one of the judges of the supreme court (Judge Cole), residing and holding his chambers in Polk county, a writ of habeas corpus. Upon the hearing of the case under said writ, it was held by the judge, that under said statute it was necessary that the poor convict should have been actually imprisoned for thirty days under the sentence of the court, before he could be entitled to be liberated, upon making his affidavit, schedule and note, and that mere constructive imprisonment was not sufficient. Accordingly, said Curley was remanded to the custody of the sheriff. Thereupon, said Curley gave notice of an appeal to the supreme court from the judgment and order of the said judge at his chambers, and also gave bond, etc., for his appearance, etc., at said court, and to abide its orders, etc.

*D. O. Finch* for the appellant.

*H. O'Connor*, attorney-general, for the State.

Cole, J. — The first question which presents itself for our determination is, whether this court has, under our constitution and statutes, jurisdiction to hear and determine an appeal from the judgment or order of a judge of the supreme court, made at his chambers, in a habeas corpus proceeding?

1. HABEAS CORPUS: appeal from decision of supreme judge.

This question involves the construction of certain portions of our statutes, which we set out in *haec verba*, so far as concerns the case now before us: "§ 2631 (1555). The supreme court has an appellate jurisdiction over all judgments and decisions of any of the district courts, as well in case of civil actions, properly so called, as in proceedings of a special or independent character. § 2632. An appeal may also be taken to the supreme court from the following orders : 1. An order made affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken. 2. A final order made in special proceedings, affecting a substantial right therein, or made on a summary application in an action after judgment. 3. When an order grants or refuses, continues or modifies a provisional remedy, or grants, refuses, dissolves or refuses to dissolve an injunction or attachment; when it grants or refuses a new trial, or when it sustains or overrules a demurrer. 4. An intermediate order involving the merits and materially affecting the final decision. 5. An order or judgment on habeas corpus. § 2633. If any of the above orders are made by a judge of the district court, the same is reviewable in the same way as if made by the court. § 2634 (1557). The court may also, in its discretion, prescribe rules for allowing appeals on such other intermediate orders or decisions as they think expedient, and for permitting the same to be taken and tried during the progress of the trial in the court below; but such intermediate appeals must not retard proceedings in the trial in chief in the district court."

It is clear, even from a casual reading, that so far as section 2631 is concerned, it only confers appellate jurisdiction over the judgments and decisions of the district *courts;* not over any judgments or orders made by the judges thereof at their respective chambers. It is then next provided by section 2632 that an appeal may *also* be

taken to the supreme court from certain orders. The connection of this section with the preceding one, as well as the use of the word "also," clearly imply that the orders specified, from which an appeal may be taken, are the orders made by the district *court also.* So that, by neither of these two sections is any appellate jurisdiction given to the supreme court over the orders of any judge at his chambers. By the first quoted section, appellate jurisdiction is given over the *judgments* and *decisions* of the district court; and by the second, over certain enumerated *orders* of the district court. Then follows section 2633, which provides that if any of the orders specified are made by a *judge* of the district court, they may be reviewed the same as if made by the *court.* This section, therefore, becomes also a strong negation of the idea that the preceding section provides for appeals from the orders enumerated in it when made by a judge instead of a court. Because, if the preceding section did provide for appeals from those orders when made by a judge, there would be nothing left upon which this section could feed — it would be wholly useless. And it is a canon of construction that force and effect should be given, if possible, to every part of a statute. Whether the section we have last above copied was intended to give the supreme court power to prescribe rules for allowing appeals from orders made by judges at their chambers, as well as from orders or decisions made by courts, we need not now inquire, since no such rules have, as yet, been prescribed for either.

It will also be borne in mind, that at the time the above quoted sections of our statute were enacted, the power and duty of issuing writs of *habeas corpus* and hearing and determining matters arising thereon were given to the judges of the supreme court and to county courts, as well as to judges of the district courts. Rev., §§ 3803, 3804. The same is also true as to many of the orders enumerated in section 2632. Since, therefore, other than district judges

were clothed with authority to issue and decide upon writs of *habeas corpus*, and the statute only provides for appeals from orders made by judges of the district court, the argument becomes conclusive, that the legislature intended that appeals should not be taken from such orders, when made by other than the judges of the district court. In our judgment an appeal can only be taken when it is provided for by law. And, as we have seen, there is no provision made by law for an appeal from the order of a judge of the supreme court in a *habeas corpus* proceeding. It will not do to say, that, upon principle and in reason, an appeal should be allowed in *habeas corpus* cases, when decided by a judge of the supreme court, or by a county court, or a judge of a circuit court, or when decided by a judge of the district court. For, we do not extend and apply statutes to every case within the *principle* and *reason* thereof, but only to such cases as are within the *language* of the statute when fairly construed. But whenever a case arises under the common law, we may properly extend and apply to it the principles and reasons underlying it, which may have found their exemplification in other and analogous, though different, cases.

It has been suggested that the writ of *habeas corpus* is the great writ of right, guaranteed to the citizen by the constitution, essential to his liberty, and that to deny an appeal is to abridge the right, which it is not competent for the legislature to do. The quotation of the section in our constitution guaranteeing this writ will be a sufficient answer to this suggestion. Section 13 of article 1 of the bill of rights is as follows: "The writ of *habeas corpus* shall not be suspended, or refused *when application is made as required by law*, unless, in case of rebellion or invasion, the public safety may require it."

We readily confess our inability to assign any good reason why the legislature should not provide for appeals in *habeas corpus* cases determined by judges of the supreme

In re Curley.

court, and by judges of the circuit courts, as well as in those cases determined by the judges of the district court. If we were at liberty to declare the law as we think it ought to be, instead of what it is, we should have no hesitation in sustaining this appeal. It is possible the legislature may have reasoned, that since the district judge *alone* held a district court, that there was a fitness in allowing an appeal from his order, which would be made upon his individual judgment and responsibility, whether he made it as a *court* or as a *judge*. But more likely it is a *casus omissus* in legislation.

The provisions of our statute (Rev., 3843), providing that, when the *habeas corpus* proceedings are before a judge, the papers shall be filed with the district clerk, who shall make a brief memorandum thereof in his judgment docket, do not, in our view, have the effect of making an order made by a judge of the supreme court, or a judge of the circuit court, a judgment of the district court, in such sense as that an appeal may be taken therefrom.

Our conclusion in this case is entirely in accord with, and is fully supported by, our previous construction of the same sections of our statute, as applied to injunctions. *The Monticello Bank* v. *Smith*, 25 Iowa, 246 ; *Jewett* v. *Squires*, 30 id. 92. While in *Ex parte Holman*, 28 id. 88, the question of jurisdiction was not only not made, but it was expressly requested by counsel on both sides that it should not be considered, but be taken for granted. Since we have no jurisdiction of this appeal, it will be dismissed.

It may not be out of place, nor wholly without consolation to appellant's counsel, for us to state further, that we

2. CRIMINAL LAW: poor convict. are entirely agreed in the opinion that the judge who tried the *habeas corpus* case, was fully justified and held correctly in remanding the applicant to the custody of the sheriff. Actual imprisonment for thirty days is a prerequisite to the right to be liberated

as a poor convict, upon making the oath, schedule and note as provided in the Revision, section 5005.

The appellant will be called and held to his recognizance, but the appeal will be

Dismissed.