BENNETT ET AL. v. HETHERINGTON ET AL.

1. **Appeal:** INJUNCTION: ORDER MAY BE APPEALED FROM. Under the Code an appeal lies to the Supreme Court from an order made by any judge allowing or refusing an injunction.

2. **County Seat:** REMOVAL OF: BOARD OF SUPERVISORS. The decision of the Board of Supervisors that a petition for a submission of the question of the removal of a county seat has been sufficiently signed, that the notice is sufficient and has been duly published, is conclusive until reversed or set aside in some manner provided by statute.

3. ———: INJUNCTION: EQUITY. Questions respecting the removal of a county seat may be cognizable in equity and upon a case made therefor an injunction may be allowed, but an order of an election by the Board of Supervisors, assuming the sufficiency of preliminary proceedings, is conclusive until set aside by *certiorari*.

4. **Notice:** REMOVAL OF COUNTY SEAT. The notice of the presentation of a petition respecting the removal of a county seat, required by section 284 of the Code, is sufficient if one of the three publications be made sixty days before the petition is presented.

*Appeal from Adair District Court.*

MONDAY, JUNE 21.

THIS is an appeal from an order made by a judge of the Supreme Court, allowing an injunction upon a petition to restrain the removal of the county seat of Adair county, from Fontanelle, its present location, to Greenfield, under vote thereon by the people. The injunction having been allowed, the defendants appeal.

*J. S. McCaughan,* for appellees.

AN order granting a temporary injunction, when made by a judge of the Supreme Court, cannot be appealed from. (*Monticello Bank v. Smith,* 25 Iowa, 248; *Jewett v. Squires,* 30 Id., 92; *In re. Curley,* 34 Id., 184.) The Code only allows appeals from orders, judgments and decisions of other courts of record, not of individual judges of the Supreme Court sitting in chambers. Sections 3163–4 provide only for appeals from the Circuit and District Courts, and the "judge" mentioned in section 3165 is judge of one of those courts.

Prior to Code of 1873, section 2633 of the Revision, corresponding to section 3165, contained the words "of the District Court" immediately following the word "judge." The Revision, however, knew nothing about the Circuit Court or Circuit judges, and it was only to provide for appeals from that court and its judges, and such other courts as may be created, that the words were omitted. In section 3163, the words "District Court" are omitted, and the words "all other courts of record" are used in their place, for the same purpose. So nothing can be claimed by appellants on account of a change in words of the section under consideration.

It is the intention of the statute respecting notice of the presentation of the petition that, 1st, the notice should be

published three times; 2d, that each publication shall be sixty days before the petition is presented. The law not only requires *notice*, but sixty days' notice; and not only this, but sixty days' notice *by three insertions*. Sixty days' notice by *one* insertion is not a compliance with the terms of the statute. The statute contemplated this period, not only for the purpose of allowing opportunity for other petitions to be circulated favoring other localities, but also to procure remonstrances, if desired.

Whenever notice is required by statute for a certain length of time, and a certain number of publications is directed, then those publications must all be made before the time commences to run; the service is not completed until the last publication is made. (*Broghill v. Lash*, 3 G. Greene, 357; *Abel v. Cross*, 17 Iowa, 174; *Bardsley v. Hines*, 33 Id., 159; *Banta v. Wood*, 32 Id., 474.)

The statute directing this notice is mandatory, and upon it depends the power of the board to act. It is only authorized to take " a vote of the people for the relocation of the county seat as *provided by law.*" The power is limited by the condition that " the notice hereafter prescribed shall have been given." (Code, Sec. 285.) Any fair doubt as to the existence of a power is resolved by the courts against the corporation claiming to exercise it. (*Merriam v. Moody's Ex'rs*, 25 Iowa, 170; *Clark, Dodge & Co. v. Davenport*, 14 Id., 494; *Clark v. City of Des Moines*, 19 Id., 199.) When the legislature undertakes to prescribe a rule of action, that rule, and no other, should be followed. (*Kyle v. Martin*, 8 Ind., 37; *Hull & Argalls v. Marshall Co.*, 12 Iowa, 154; *Reichard v. Warren Co.*, 31 Id., 388.) *Dishon v. Smith*, 10 Iowa, 217, was decided under a different statute from the one now in force, and the principle decided in it has been overruled by *Schroder v. Cary*, 11 Iowa, 556.

In public matters, all citizens have the right to presume that public officers will do their duty. But if they are about to do an act which contradicts the presumption, citizens are entitled by their interest in the public welfare to ask an

injunction. (*Collins v. Ripley*, 8 Iowa, 129; *Rice v. Smith*, 9 Id., 576; *Sweatt v. Faville*, 23 Id., 321.)

*Certiorari* is not the plaintiffs' remedy. The statute now in force in relation to *certiorari* is the same as that of the Revision of 1860, under which *Sweatt v. Faville* arose and was determined. It is *barely possible* that plaintiffs in this action could have found relief by *certiorari*, but, if they could, so also could the same remedy have been used in *Sweatt v. Faville*. The petition in that case alleged erroneous action of the Board of Supervisors, so does the petition in this case; and these plaintiffs, having taken the exact course indicated by this court, cannot be denied a hearing on account of having so done.

*Gatch & Wright*, for appellants.

The order granting the temporary injunction may be appealed from and reviewed by this court. (Code, 1873, Sec. 3164, cl. 3; Idem., Secs. 3165, 3385, cl. 3. And see, *Jewett v. Squires*, 30 Iowa, 92; *In re Curley*, 34 Iowa, 184.)

If the first publication be sixty days prior to the presentation of the petition, it is sufficient. (*Leffler v. Armstrong*, 4 Iowa, 486.) That sixty days should elapse after the last of the required publications is negatived by the difference between this and similar statutes. The intention of the legislature, which must govern the construction of the statute, must be gathered from the statute taken as a whole. (Sedg. St. and Const. Law, 379.) Other sections of this statute than the one involved in the case at bar especially provide that a certain required notice shall be a certain length of time after the *last* publication. Absence of intent to require sixty days from the last publication is apparent from the failure to so provide.

If the construction claimed by appellees is true, still the statute is in this respect only directory, and a failure to comply with it literally does not make the action of the Board void. The construction insisted upon by appellees would render the section ambiguous, and for that reason it should

be held directory. (Sedg. St. and Const. Law, 380.) The court may, at its discretion, declare a statute involving an ambiguity to be directory. (*Dishon v. Smith*, 10 Iowa, 217; *The People v. Cook*, 8 N. Y., 68, 92–4; *Colt v. Eves*, 12 Conn., 243; *Merchant v. Langworthy*, 6 Hill, 646; *Helmer v. Smith*, 7 Barb., 416. Cooley's Const. Lim., 617–619.)

Admitting, however, both the correctness of appellees' construction of section 284, and that instead of being directory only, it is mandatory, still the notice was only *defective*, and consequently not assailable *collaterally*. (*Baker v. Chapline*, 12 Iowa, 204; *Bonsall v. Isett*, 14 Id., 309; *Ballenger v. Tarbell*, 16 Id., 491; *Shea v. Quintin*, 30 Id., 58; *Cooper v. Sunderland*, 30 Id., 114; *Morrow v. Weed*, 4 Id., 77.)

Appellees having, at the time, notice of *defect* in the notice and *irregularity* in the action of the Board, as appears from their *remonstrance*, they should have proceeded by *certiorari* to have the alleged irregular action of the Board *annulled*. (Code of 1873, Sec. 3216, *et seq*. *Macklot v. Davenport*, 17 Iowa, 379; *Myers v. Sims*, 4 Id., 500.)

The notice, though defective, was sufficient to confer jurisdiction, and, if the Board acted illegally in treating it as a good notice, their action thereon would have been merely *irregular*, not absolutely void. Appellees, having a direct remedy by *certiorari*, could not waive it and assail the action of the Board collaterally by injunction. (*Shea v. Quinton, supra.*)

The remedy by *certiorari* being adequate, and the election having been permitted to take place without a resort thereto, plaintiffs cannot now be heard to complain. (*Ryan v. Varga, et al.*, December Term. 1871.)

*Barcroft & Given*, for appellees.

The statute requires sixty days' notice of the presentation of the petition. It is manifest that such notice cannot be given by three insertions when only one of them was sixty days before the petition was presented. (*Banta v. Wood*, 32 Iowa, 474.) That the legislature, in a different section, for a notice for a different purpose, selected another form of expression, will

not negative the positive requirements of this section. The requirement stated in any form could not be satisfied unless the three insertions were sixty days before the presentation of the petition.

The position that the statute is merely directory is wholly indefensible. Section 234 of the Revision confers no discre-tion upon the County Court, and section 285 of the Code con-fers jurisdiction upon the Board of Supervisors to order an election only upon condition that the notice heretofore pre-scribed shall have been given. The change in the statute was because the Supreme Court had before held it to be directory; the legislature could have had no other purpose in the amend-ment than to make it mandatory.

The Board of Supervisors acting under this statute are in no sense a judicial tribunal; they simply act ministerially and nothing is confided to their discretion. Their right to order the election depends upon a fact and, if that does not exist, the order is a nullity.

It is only when a tribunal having jurisdiction exceeds its proper jurisdiction or exercises it illegally that *certiorari* can be sustained. A *certiorari* will not be sustained to reverse a judgment which is null and void. (*Dixon v. City of Cincin-nati*, 14 Ohio, 655.) Even if *certiorari* were the proper remedy, that fact would not deprive plaintiffs of the right of injunction to prevent the wrongful removal of the county seat.

*Nourse & Kauffman*, for appellants.

The term "judge" in Sec. 3165 of the Code, refers to any judge who has the power to make an order granting or dis-solving an injunction and includes a judge of the Supreme Court. In the absence or disability of the District or Circuit Judge, the Supreme Judge may act in the premises. Every direction of a court or judge made or entered in writing is an order. (Code, § 2922.)

The statute does not require that the three publications should have been made and *completed* sixty days before the petition is presented. (*Armstrong v. Scott*, 3 G. Greene, 433;

*Leffler v. Armstrong*, 4 Iowa, 486.) The second and third publications are intended simply to keep alive the notice given in the first. They are mere duplicates. The law relating to the service · of original notices upon non-residents is not applicable. If the legislature had intended that sixty days should elapse between the last publication and the presentation of the petition, it would not have omitted a provision to that effect.

Section 284 is merely directory. Under the notice the board simply receives petitions and remonstrances from which it must determine whether or not a majority of the people desire to vote upon the question. The required notice is not jurisdictional. (*Dishon v. Smith*, 10 Iowa, 217.) The idea of jurisdiction depending upon notice pertains to cases where the court acts judicially and not to one where a vote of the people is to be taken. The observance of each particular is not a pre-requisite to the validity of the order.

COLE, J.—The petition and exhibits are quite voluminous, and we need only state the material ultimate facts averred, to-wit: That plaintiffs are citizens and taxpayers of the county, and the defendants are officers thereof; that at the general election, in October, 1874, the people of the county voted upon the proposition to remove the county seat from Fontanelle to Greenfield, and a majority voted in favor thereof, and unless restrained the defendants would remove the offices, etc., accordingly; that the election or voting upon such proposition was invalid, because there was no sufficient notice of the presentation of the petition for such vote, to the Board of Supervisors; that the only notice given was by a publication in a weekly newspaper, published April 2d, 9th and 16th; that the petition would be presented to the Board at their regular meeting, June 2, 1874; that the petition was then presented, and also a remonstrance which specified the insufficient notice as one ground; that the Board then made the order that a vote be taken at the general election; that no order was then made for a posting of the notices of the election or vote, as provided by law; that at a special meeting of the board held on August

8, such order was made, but not till after another remonstrance had been presented and overruled by the Board; that no notice was given that such order would be applied for or made; that two of the Board of Supervisors were interested in the removal, and one had signed a bond to furnish county buildings free of expense in case of removal and had circulated petitions, etc., etc.; that sixty days' notice of presenting the petition to the Board was not given, and plaintiffs were prejudiced thereby, since they had no full opportunity to obtain signatures to a remonstrance; that the short notice only was given for this purpose, etc., etc.

The order for injunction was allowed by the writer hereof, in view of the peculiar facts of the case, as stated in the order, and expressly for the purpose of affording a full opportunity for a hearing of the case before the entire court, and without expressing an opinion upon the questions involved.

I. It is here first urged by appellees' counsel, that no right of appeal from an order allowing an injunction by a judge of this court exists under our statutes. It was held under the Revision, Secs. 2631, 2, 3, which allowed an appeal from such order, where made "by a judge of the *District Court*," that an appeal to the Supreme Court did not lie from an order allowing or refusing an injunction, made by any other judge than a judge of the District Court. *The Monticello Bank v. Smith*, 25 Iowa, 248; *Jewett v. Squires*, 30 Iowa, 92; *In re. Curley*, 34 Iowa, 184. But the Code has changed the statute, and allows an appeal from such an order where "made by a *judge*." Code, Secs. 3163, 4, 5. This was the manifest purpose of the change in the statute, as well as the plain import of the language used.

II. It is next insisted that the notice of the presentation of the petition to the Board was insufficient, for that the statue requires, Code, "284, sixty days notice of the presentation of such petition shall be given by three insertions in a weekly newspaper;" while here only one insertion was made sixty days before presentation of the petition; the others were less than sixty. We pass this question, since its determina-

tion is not necessary. Its insufficiency may be *pro hac vice* conceded.

III. The question next arising, upon the concession that the notice was insufficient, is what effect would such insuf-

2. COUNTY
seat: removal
of: board of
supervisors.

ficiency have upon the order for the election made by the Board. The action of the Board of Supervisors in determining whether the petition was "signed by at least one-half of all the legal voters in the county," and also whether "the notice hereinbefore prescribed has been given," was necessarily judicial. For such, and many other purposes, the Board of Supervisors constitute a judicial tribunal having limited jurisdiction. The statute, in express language, gives to the Board jurisdiction to determine those questions. Having jurisdiction to determine them, their decision is as conclusive as that of any other judicial tribunal, until it is reversed or set aside in some manner provided by statute. The Board decided that the requisite number of voters had signed the petition, that the notice itself was sufficient and that it had been given or published in the manner and length of time prescribed by the statute. As we have seen, the Board of Supervisors had jurisdiction, by express statute, to determine these questions, and if they did not decide them correctly, it was an error or irregularity only, which might have been corrected either by appeal, writ of error, or *certiorari*, whichever the statute may authorize, but which could not render their decision void. Their decision is binding and conclusive upon any other tribunal, when assailed collaterally, until it is reversed or set aside. If the notice was not given the number of days required by law, their decision was erroneous simply, and must be corrected as other errors are corrected. *Ballenger v. Tarbell et al.*, 16 Iowa, 491; *Shea v. Quintin*, 30 Id., 58. See, also, *Cooper v. Sunderland*, 3 Id., 114; *Morrow v. Weed*, 4 Id., 77; *Baker v. Chapline*, 12 Id., 204; *Bonsall v. Isett*, 14 Id., 309.

The ultimate question involved in this case was practically decided by this court, in *Ryan v. Varga et al.*, September Term, 1873, s. c., 7 West. Jurist, 592; 8, Ib., 699. That was a case involving the validity of a tax voted in aid of a rail-

road, and it was held that the decision by the township trustees, that the petition was signed by the requisite number of taxpayers, was a judicial decision, and conclusive until reversed or set aside in the manner provided by law; that the tax could not be assailed on the ground that the petition was not sufficiently signed. The decision in that case as in this, might well be reviewed and corrected by *certiorari;* but until reversed and set aside it is conclusive. See, also, *Baker v. The Bd. of Sup. of Louisa Co.* (present term).

We do not deny but that the matters set up in this action are properly of equitable cognizance, and in which, upon a

3. ——: injunction: equity. case made, a proper remedy may be by injunction. *Collins v. Ripley*, 8 Iowa, 129; *Rice v. Smith*, 9 Id., 570; *Sweatt v. Faville et al*, 23 Id., 321. But what we decide is, that since the petition shows an election ordered by the Board of Supervisors, made upon a petition and notice therefor, and vote thereunder adverse to plaintiffs they have no case for equitable relief, justifying an injunction, the order for the vote being conclusive until set aside by *certiorari*.

REVERSED.

### ON REHEARING.

COLE, J.—Since the announcement of the foregoing opinion an application in the nature of a petition for rehearing has been filed, asking that the court determine the question as to the sufficiency of the notice of election suggested in the second point of the opinion, and stating that such decision was necessary to settle the controversy between the parties and avoid further litigation.

At the time the opinion was prepared the members of the court were not entirely agreed upon the question suggested,

4. NOTICE: removal of county seat. and for that reason it was passed in the belief that it was not necessary to decide it, in order to determine the controversy between these parties. Since it is made to appear that the necessity for its decision does exist, we proceed to decide it.

The question involves the construction of Code: " Sec. 284.

Sixty days notice of the presentation of such petition shall be given by three insertions in a weekly newspaper." * * * And the precise question is whether the three insertions must be made sixty days before the term of court, or whether it is sufficient if the first insertion is thus made and the other insertions are made in the successive weekly issues. This section prescribes the notice to be given of the presentation to the Board of Supervisors of the petition for the vote. The next section prescribes the notice of the order for the vote or election to be given by the board to the people, and it enacts that they shall cause a constable to post notices of such order in three public places in each township at least fifty days before said election, and shall also publish a notice of such election in some newspaper, if there be one published in the county, for four successive weeks, the *last publication* to be at least twenty days before said election."

Without now entering into an elaborate discussion of the question, we may state that we are agreed in holding (but not without some doubt on the part of the writer hereof), that since the legislature has prescribed by the last quoted section, the time which must transpire after the last publication, and has omitted such requirement from the first, the fair implication is that the legislature intended that three insertions in a weekly newspaper should be sufficient, if the first was given sixty days before the presentation of the petition. Hence, it follows that the notice given in this case was legal and sufficient. This decision of the question does not change the order that the judgment stand as

REVERSED.