## *Ex Parte* PARKER.

### DIVISION TWO.

1. **Criminal Law:** JUSTICE'S COURT: COMMUTATION OF SENTENCE: STATUTE.  A justice of the peace may, under section 4355, Revised Statutes,1889, on the application of a person who is unable to pay a fine assessed against him, change such fine to imprisonment in the county jail for a definite period, as provided by said section, and this he may do after the original sentence has been passed.

2. **Constitutional Law:** R. S. 1889, SEC. 4355: PARDONING POWER. Section 4355, Revised Statutes, 1889, is not in violation of section 8 of article 5 of the constitution vesting in the governor the power to grant reprieves, commutations and pardons.

3. **Criminal Law:** JUSTICE'S COURT: CHANGE OF SENTENCE: COSTS. Where a defendant in his application for a change of punishment under Revised Statutes, 1889, section 4355, made no mention of costs and the justice made no order concerning them, but only commuted the fine to imprisonment for a given time, defendant is not entitled to his discharge upon serving such time, until he has paid the costs or complied with the law for the relief of insolvents.

### *Habeas Corpus.*

WRIT DENIED.

*F. E. Luckett* for petitioner.

*W. S. Davison*, Prosecuting Attorney, for the State.

GANTT, P. J.—The petitioner, Edward Parker, makes his application for a discharge on a writ of *habeas corpus*.  He shows that he was duly tried and convicted by a jury in a justice's court, held by John M. Oldham, Esq., a justice of the peace within and for Jefferson township, Cole county, Missouri, on the twenty-second of July, 1891.  His punishment was assessed by the jury at a fine of $200.  He was regularly committed on that day to the county jail until he should pay the fine

and costs.   On the twenty-seventh of August, 1891, he made his application under section 4355, Revised Statutes, 1889, to the said justice, for a change of his fine to a definite term of imprisonment in jail.   Upon consideration, the justice, in lieu of the fine, ordered that he be imprisoned forty days in jail, from the date of the original commitment.   This term expired September 2, 1891.   The costs adjudged against him in the justice's court amounted to $35.70.   In his application to the justice for a change of punishment he made no mention of the costs, and the justice made no order respecting the costs.

The sheriff in his return shows that he holds the prisoner for the payment of both fine and costs.   Under the advice of the prosecuting attorney, he ignored the order of the justice of the peace changing the fine to imprisonment.

When this cause was submitted both sides requested time to file briefs, and ten days was granted.   Neither side presented us a brief.   It being a writ of right and of the highest privilege, we proceeded to consider the case when the time for filing briefs expired.   It appeared to us without having any suggestion made, that the only matter in dispute was the construction of section 4355, Revised Statutes, 1889.   Said section is as follows: Section 4355.   "*When fine may be commuted to imprisonment.*—When any person shall be unable to pay any fine assessed against him, the justice shall have power, at the request of the defendant, to commute such fine to imprisonment in the county jail for any period of time not exceeding one day's imprisonment for every $2 of said fine, nor less than one day's imprisonment for every $10 of such fine; and when the defendant shall have been actually imprisoned in the county jail for twenty days for the non-payment of any costs, and shall be unable to pay the same he shall be released from such imprisonment on complying with

the law for the relief of insolvents." Section 4356 prescribes a form for the commutation.

We consider that the intention of the legislature was to confer the power of commutation upon the justice who tried the case. As no time was fixed within which it should be done, and as it was a criminal statute, we thought it ought to have a liberal construction in behalf of personal liberty, and we affirmed the construction placed upon it by the justice and accordingly held that as to the fine the prisoner had satisfied the judgment and was entitled to his discharge, but he was not entitled to his discharge as to the $35 costs, until he should make his application as an insolvent and make his showing that he had been imprisoned twenty days for the non-payment of these costs in addition to the forty days for the fine, and we ordered that he be remanded for that purpose.

The prosecuting attorney for Cole county within four days after the order was made filed an application for rehearing. In this application for the first time, the point is made, that section 4355 is unconstitutional and in conflict with section 8, article 5, constitution of Missouri, 1875. That section is as follows: "The governor shall have power to grant reprieves, commutations and pardons after conviction, for all offenses, except treason and cases of impeachment upon such condition and with such restrictions and limitations as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons. He shall, at each session of the general assembly, communicate to that body each case of reprieve, commutation or pardon granted, stating the name of the convict, the crime of which he. was convicted, the sentence and its date, the date of the commutation, pardon or reprieve, and the reason for granting the same."

The statute (sec. 4261) provides that when a defendant is convicted and sentenced to pay a fine he shall be

imprisoned until the sentence is fully complied with and all costs paid, unless sooner discharged in the manner provided in section 4262.

That the governor has the right to grant pardons, reprieves and commutations, is conceded. Does this power in the governor prevent the legislature from defining what shall constitute a crime, and affixing the punishment therefor? No one will claim it does. If then the legislature is authorized to say what punishment shall follow a crime, we think it is perfectly competent to fix that punishment in the alternative, and the fact, that the jury or court affixes one or the other, is not an exercise of the pardoning power. We all agree the legislature cannot pardon a defendant convicted of crime, but we think affixing an alternative punishment is wholly unlike a pardon. Changing a fine to imprisonment is not pardoning the crime. Of course the power to reprieve is not involved here.

This objection to the justice's power of commutation is a challenge also of section 4262, which vests in the criminal courts of the state, in which a prisoner is sentenced to pay a fine, or the *judge thereof in vacation*, the power to sentence the prisoner to imprisonment for a limited time in lieu of the fine. Also section 7273. "*Three-fourths rule.*—Any convict who is now or may hereafter be confined in the penitentiary, and who shall serve three-fourths of the time for which he or she may have been sentenced, in an orderly and peaceable manner, without having any infraction of the rules of the prison or laws of the same recorded against such convict, he or she shall be discharged in the same manner as if said convict had served the full time for which sentenced, and in such case no pardon from the governor shall be required." If section 4355 is unconstitutional, it seems inevitable the other two sections must also be declared to be so. These provisions have been upon the statute books for many years.

The statutes of this state have from the beginning provided for alternative punishments. Thus the jury are empowered to assess punishments for assaults with intent to kill at imprisonment in the penitentiary or county jail, or by fine and imprisonment in the county jail, or by imprisonment in the county jail, or by fine alone. Indeed, we take it that the only debatable ground here is, whether these sections conflict with the governor's power to *commute* punishment.

Commutation is defined by Bouvier to be "the change of punishment to which a person has been condemned into a *less severe* one." And we think this is the sense in which it is used in the constitution. Neither the governor, the legislature or the court could affix a greater punishment. That is out of the question. The association of this form of commutation with that of unconditional pardon, we think, indicates that it was intended to cover a class of cases in which the governor might modify and lessen the sentence without absolute pardon. We think a different principle applies to the change of sentence by the courts. By the law the defendant is imprisoned until the fine and costs shall be paid. This is a part and parcel of every sentence to a fine under our statutes, but the same branch of the government that provides for this effect of crime also provides for fixing a definite time for this imprisonment to end. It simply says to an impecunious defendant, your fine is so much, and you stand committed till you pay it; but recognizing also that cruel and unusual punishments are forbidden, and that, if this sentence stands unqualified, it would amount to a life sentence for a mere misdemeanor, it also says if you have not the means to pay this fine, in lieu of that punishment, the court who sentenced you may change your punishment into imprisonment for a fixed period, *not pardon you*, or give you a *less punishment*, but simply a *different punishment* which you can undergo. This does not in the least interfere with the governor's power to remit a

part or all of the fine, or to dispense with the punishment. He may pardon or commute the new punishment just as he could the original sentence.

These provisions of the statute are a part of the judgment of the court as much as if written in each record. A provision similar in all respects to our three-fourths rule was adjudged by the supreme court of California to be no invasion of the pardoning power vested by the constitution in the governor. *Ex parte Wadleigh*, 82 Cal. 518. The same reasoning that will sustain one of these sections will uphold the other. *Ex parte Scott*, 19 Ohio State, 581. That a defendant should question the commutation from a fine to imprisonment, if it were not made upon his own application, might not be strange, but we see no reason why the state's officers should desire to keep an insolvent prisoner sentenced for a mere misdemeanor for an unlimited term, unless the county courts are making such a liberal provision for feeding the prisoners, that it is proving lucrative. Nor do we think the governor of the state will ever conclude that the legislature is trenching upon his prerogatives, so long as it relieves him of innumerable applications for pardons and commutations for petty offenses.

We think it was perfectly competent for the legislature to enact the law providing for the alternative punishment in this case. It was not a pardon, as contended for in the motion of the prosecuting attorney.

Our conclusion then is, that the motion be denied, and the prisoner be remanded to the sheriff to make his application to be discharged as an insolvent. All concur.