## IN RE ROBERT DOBSON.

37   449.
39   759.

FILED JUNE 30, 1893.   No. 6024.

1. **Criminal Law: Costs.** Where a person is convicted of a criminal offense it is the duty of the court in which the conviction was had to render judgment against the prisoner for the costs of prosecution, and the court may make it a part of the sentence that the party be imprisoned in jail until the costs are paid, or secured to be paid, or he is otherwise legally discharged. (Criminal Code, secs. 500, 501.)

2. ———: ———: **Imprisonment for Non-Payment.** A defendant in a criminal case confined in jail for the non-payment of the costs assessed against him, and who is unable to pay the same, is not entitled to be discharged from further imprisonment for such costs, under sec. 528 of the Criminal Code, where it appears he has not been imprisoned at least one day for each three dollars of the costs.

ORIGINAL application for writ of *habeas corpus.*

*A. Hardy,* for petitioner, cited: *Estep v. Lacy,* 35 Ia., 419; *State v. Mooney,* 74 N. Car. 98.

*George H. Hastings, Attorney General,* for the state.

NORVAL, J.

This is an application for a writ of *habeas corpus.* On the 24th day of February, 1893, the petitioner, Robert Dobson, was convicted in the district court of Gage county of an assault and battery, and on the 27th day of the same month he was sentenced by the court to pay a fine of $50, and the costs of prosecution, and that he be committed to the county jail until said fine and costs are fully paid. In compliance with said judgment he was committed to the jail of said county, where he is still confined. Subsequently, petitioner paid the fine imposed upon him, but no part of the costs of prosecution. It also appears that he

. 32

is possessed of no estate, either personal or real, where-with to meet this demand.

But one point is presented for decision, and that is, whether the imprisonment of the petitioner because of his non-payment of the costs adjudged against him in the criminal case is illegal. The statutory provisions bearing upon the question are sections 500, 501, and 528 of the Criminal Code, which are as follows:

"Sec. 500. In all cases wherein courts or magistrates have now or may hereafter have the power to punish offenses, either in whole or in part, by requiring the offender to pay a fine or costs, or both, the said courts or magistrates may make it a part of the sentence that the party stand committed and be imprisoned in the jail of the proper county until the same be paid, or secured to be paid, or the defendant is otherwise discharged according to law.

"Sec. 501. In every case of conviction of any person for felony or misdemeanor, it shall be the duty of the court or magistrate to render judgment for the costs of prosecution against the person convicted.

"Sec. 528. Whenever it shall be made satisfactorily to appear to the district court, or to the probate judge of the proper county, after all legal means have been exhausted, that any person who is confined in jail for any fine or costs of prosecution, for any criminal offense, hath no estate wherewith to pay such fine and costs, or costs only, it shall be the duty of said court or judge to discharge such person from further imprisonment for such fine and costs, which discharge shall operate as a complete release of such fine and costs; *Provided*, That nothing herein shall authorize any person to be discharged from imprisonment before the expiration of the time for which he or she may be sentenced to be imprisoned, as part of his or her punishment, nor until the convict shall have been imprisoned at least one day for every three dollars of the amount adjudged against him."

An examination of the foregoing sections satisfies us that the proposition contended for by counsel for the petitioner is not tenable.   Where a person is convicted of a crime, section 501 makes it the imperative duty of the court, in which the conviction is had, to render judgment against the prisoner for the costs of prosecution, and the next preceding section confers authority upon such court to include in the sentence that the party be committed to the county jail until such costs are paid, or security is given for their payment, or he is otherwise legally discharged. Under section 528, a defendant in a criminal case, confined in jail for the non-payment of the costs assessed against him, who is unable to pay the same, upon proper showing to the district court, or the county judge, may be discharged from further imprisonment for such costs, provided all legal means for their collection have been employed without success, and he has been confined at least one day for each three dollars of the costs.   The petitioner is not entitled to be released on the ground of his poverty, since it does not appear that he has been in custody for the length of time specified in section 528.

We have examined and considered the two cases cited by the petitioner's counsel.   In *Estep v. Lacy*, 35 Ia., 419, s. c., 14 Am. Rep , 498, it was decided that a general pardon issued by the governor does not operate to release a judgment rendered for the costs of prosecution.   To the same effect is *State v. Mooney*, 74 N. Car., 98, s. c., 21 Am. Rep., 487.   These decisions cannot be regarded as in conflict with the views stated by us.   The demurrer to the petition is sustained and

WRIT DENIED.

THE other judges concur.