Ex Parte Roy Secrest, Petitioner.—32 S. W. (2d) 1085.

Court en Banc, November 25, 1930.

*C. J. Quimby* and *James T. Blair, Jr.,* for petitioner.

*Stratton Shartel,* Attorney-General, for respondent.

ATWOOD, J.—Petitioner, Roy Secrest, seeks discharge from the custody of Clay Grooms, Sheriff of Cooper County, Missouri, by the Habeas Corpus Act. Production of petitioner's body having been waived, respondent, Clay Grooms, filed return alleging that he is the duly elected, qualified and acting Sheriff of Cooper County, Missouri, and in his said official capacity is holding the body of petitioner, Roy Secrest, under and by virtue of a judgment and commitment issued by the Circuit Court of Cooper County, Missouri, a certified copy of said judgment and commitment being attached to and made a part of his return. Petitioner waived issuance of the writ and filed his sworn amended reply admitting the allegations of respondent's return and setting up alleged facts and circumstances subsequent to his commitment, by reason of which he says he is entitled to be discharged.

The certified copy of the judgment and commitment attached to respondent's return is as follows:

"BE IT REMEMBERED THAT HERETOFORE TO-WIT: At the regular June Term, 1930, of the Circuit Court of Cooper County, Missouri, and on the Thirteenth Day of said June Term, 1930, of said court, the same being the 20th day of June, 1930, the following among other proceedings were had and entered of record as follows, to-wit:

"State of Missouri.............................................Plaintiff
"13809   vs.   (Murder)
"Roy Secrest.............................................Defendant

"Now at this day comes the Prosecuting Attorney of Cole County, Missouri, and associate counsel, who prosecute for and on behalf of the State in this action, as well the defendant in his own proper person and by his attorneys; and the jury heretofore empaneled in this cause again appear in their seats in court and announce that they have agreed upon a verdict; thereupon, the jury, through their foreman return the following verdict, to-wit: 'We, the Jury find the Defendant guilty of Manslaughter, and we assess his punishment at $50J fine.'

"AND AGAIN, on the 14th day of July, 1930, the same being the Fourteenth day of said June Term, the following further proceedings were had and entered of record.

"State of Missouri.............................................Plaintiff
"13809   vs.   (Murder)
"Roy Secrest.............................................Defendant

"Now at this day comes the Prosecuting Attorney of Cole County, and associate counsel, who prosecute for and on behalf of the State, in this action, as well the defendant in his own proper person and by his attorneys; and it now appearing to the court that the said defendant was, on the 20th day of June, 1930, convicted by the jury of the crime of Manslaughter, and his punishment therefor assessed

at the fine of five hundred dollars, and leave of ten days was by the court given the said defendant in which to file his motion for a new trial of this cause, and it now appearing to the court that the said defendant having failed to pay the fine and costs assessed against him by the jury aforesaid, it is sentenced, ordered, and adjudged by the court that the said defendant, Roy Secrest, be committed to the custody of the sheriff of this county until the fine and costs are paid, or until he shall be otherwise discharged by due course of law. Sentence to begin June 30th, 1930, when defendant was placed in jail for failure to pay the fine and costs.

"State of Missouri..................................Plaintiff

"13809   vs.   (Murder)

"Roy Secrest........................................Defendant

"Now at this day comes Mr. Fred J. Brunk, and tenders $500 and asks that it be made in payment of the fine. And the court orders the clerk that if the defendant, Roy Secrest, makes any payments that the clerk should first apply such payments to the costs in the case. The defendant now refuses to pay any of the costs, therefore the tender is rejected."

The facts and circumstances set forth in petitioner's amended reply, by reason of which he claims that he is entitled to be discharged, are as follows:

"1. The prisoner is insolvent and has claimed the relief provided by Article XX of Chapter 25, Revised Statutes Missouri 1919, for insolvents confined on criminal process; and in so claiming the said relief has conformed to the requirements of said Article XX of Chapter 25 by the following acts and things by him done and suffered, to-wit:

"(a) Your petitioner has suffered imprisonment in said Cooper County jail for a period of more than twenty days, to-wit, from the 30th day of June, 1930, until the present time.

"(b) Your petitioner has made application for his discharge, in writing, to P. D. Sweeney, Circuit Clerk of Cooper County, as required by Section 4203, Revised Statutes Missouri 1919, a part of the aforesaid Article XX, a true and correct copy of which application is hereto attached and marked 'Exhibit B,' and made a part hereof, offering to deliver up, for the payment of said costs, all his property, with the exception of wearing apparel, and praying to be permitted to take the benefit of the provisions of said Article XX.

"(c) By annexing to and delivering with his said application to said clerk a schedule containing a true inventory of all his estate, both real and personal, and the encumbrances existing thereon, and all books, and evidences of debt and securities relating thereto, which said schedule is incorporated in said petition, and the copy thereof, which is marked 'Exhibit B.'

"(d) And by annexing the delivering along with said application and inventory his affidavit made in the form and manner prescribed in Section 4205, Revised Statutes Missouri 1919, a part of said Article XX.

"(e) And further by delivering an executed copy of said application, schedule, and affidavit to the said Clay Grooms, Sheriff of Cooper County.

"(f) And further on the 22nd day of July, 1930, by tendering to said sheriff the property mentioned in said schedule, which said tender was refused by said sheriff.

"2. On Monday the 30th day of June, 1930, Fred T. J. Brunk tendered to the said P. D. Sweeney, Clerk of the Circuit Court of Cooper County, Missouri, five hundred dollars in gold coins of the United States of America, for the payment of the fine assessed agains. your petitioner, Roy Secrest, which five hundred dollars was a sum sufficient to discharge said fine.

"3. On Monday, July 14, 1930, the said Fred T. J. Brunk tendered to H. J. Westhues, Judge of the Circuit Court of Cooper County, Missouri, five hundred dollars in gold coins of the United States of America, for the payment of said fine, which said tender was made in open court.

"4. On Monday, July 21, 1930, the said Fred T. J. Brunk tendered to the said P. D. Sweeney, Clerk of the Circuit Court of Cooper County, Missouri, five hundred dollars in gold coins of the United States of America, for the payment of the fine assessed against your petitioner, Roy Secrest.

"5. The said P. D. Sweeney, Clerk, and the said H. J. Westhues, Judge, each refused said respective tenders above mentioned. The said Fred T. J. Brunk, on the said 30th day of June, 1930, stood ready and willing to pay the said fine assessed against your petitioner, and has ever since stood, and now stands, ready and willing to pay said fine for your petitioner.

"6. On Friday, August 12, 1930, John H. Windsor, for and in behalf of the said Fred T. J. Brunk, tendered to the said Clay Grooms, Sheriff of Cooper County, five hundred dollars, in gold coins of the United States of America, for payment of the fine assessed against your petitioner, Roy Secrest, which said tender was refused by said sheriff."

Counsel for petitioner raise no constitutional question and concede that his confinement was for the purpose of coercing him to pay the fine and costs, but in effect insist that he may separately discharge the fine and costs; that he may choose the method and order thereof; that he has made a good tender of payment of the fine, and it is in effect discharged; that he has complied with the requirements of the act for the relief of insolvents confined on criminal process as to costs and is now entitled to be discharged.

The statute authorizing petitioner's commitment is Section 4070, Revised Statutes 1919, as follows:

"Whenever any defendant shall, on a conviction, be sentenced to imprisonment in a county jail, or to pay a fine, he shall be imprisoned until the sentence is fully complied with and all costs paid, unless he be sooner discharged in the manner hereinafter provided."

This statute, within its scope, applies alike to misdemeanors and felonies. It is a part and parcel of every sentence to a fine (Ex parte Parker, 106 Mo. 551, 555, 17 S. W. 658), and the judgment was in substantial compliance therewith. The manner in which defendant could "be sooner discharged" is thus set forth in the sections immediately following:

Sec. 4071. "When any person is held in custody or imprisoned for a fine imposed for a criminal offense, as specified in the last section, the court in which the cause was tried, or the judge thereof in vacation, on the petition of the prisoner for that purpose, shall sentence him to imprisonment for a limited time, in lieu of the fine; and at the expiration of such time, the prisoner shall be discharged on payment of costs, or obtaining his discharge in the manner in the next sections provided."

Sec. 4072. "Whenever any person shall be detained for the costs of a criminal prosecution, he shall, after having endured twenty days' imprisonment in the county jail for the nonpayment of such costs, be permitted to take the benefit of the laws for the relief of insolvent persons confined on criminal process, on making application for that purpose, and conforming to the provisions of such law."

Section 4071, supra, provides a method, and we are advised of no other, by which a defendant so committed may discharge the fine apart from the costs assessed against him by the same judgment. He may petition the court in which the cause was tried, or the judge thereof in vacation, to "sentence him to imprisonment for a limited time, in lieu of the fine." When such prison sentence is served he is entitled to be discharged on payment of costs or obtaining his discharge under Section 4072 and the act for the relief of insolvents confined on criminal process. To authorize a discharge there must be a strict compliance with the statutes prescribing the methods by which it may be obtained. [15 C. J. sec. 861, p. 344; Ex parte Parker, 106 Mo. 551, 17 S. W. 658; In re Curley, 34 Iowa, 184; In re Dobson, 37 Neb. 449, 55 N. W. 1071.] Having followed a way of his own choosing not authorized by statute petitioner is not entitled to be discharged.

It is ordered that the petitioner be remanded. All concur, except *Walker, J.,* absent.