**STATE of Missouri, Respondent,**

v.

**Earsel Larry JOHNSON, Appellant.**

**No. 53156.**

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Thomas J. O'Brien, Sp. Asst. Atty. Gen., Kansas City, for respondent.

R. Leroy Miller, Trenton, for appellant.

HIGGINS, Commissioner.

Appellant was convicted by a jury of breaking county jail and escaping. Section

557.380, V.A.M.S. Pursuant to that verdict and upon a finding of prior felony conviction, the court assessed appellant's punishment at 3-years' imprisonment in custody of the Department of Corrections and sentenced him accordingly. Sections 556.280 and 557.380, V.A.M.S.

Appellant was convicted by a jury September 16, 1966, of exhibiting ("brandishing and flourishing") a dangerous and deadly weapon in a rude, angry and threatening manner in the presence of another person under Section 564.610, RSMo 1959, V.A. M.S.[1]

The verdict and judgment fixed appellant's punishment at a fine of $100. The court, by minute entry, stayed payment of the fine and costs until 10:00 a. m., October 3, 1966, and provided that if the fine and costs be not then paid, appellant was remanded to custody of the sheriff "to serve said fine and costs at the rate of $2 per day in county jail."

The fine and costs remained unpaid on October 3, 1966, and the court set aside the stay of execution and ordered a warrant to issue for commitment of appellant in accordance with the sentence and judgment.

Appellant was arrested and confined in the Putnam County jail November 30, 1966, to serve the time allotted for payment of fine and costs and, on December 21, 1966, he broke jail and escaped.

Appellant contends that when he broke jail he was not lawfully confined upon conviction of a criminal offense and, therefore, could not be convicted of breaking jail. His argument is that the judgment did not mention commitment if the fine was not paid and that commitment "solely for the purpose of serving out a fine" was not a part of the punishment adjudged but was only the mode of executing the sentence of a fine.

1. This section was amended Laws 1967, H.B. 331, § 1, to provide changes in punishment. The offense remains, as in the 1959 version, a graded felony punishable by imprisonment in the penitentiary.

Section 557.380, V.A.M.S., provides: "If any person confined in any county jail upon conviction for any criminal offense * * * shall break such prison * * * and escape therefrom, he shall, upon conviction, be punished by imprisonment * * *"; and under Section 546.830, V.A.M.S., "Whenever any defendant shall, on a conviction, be sentenced to imprisonment in a county jail, or to pay a fine, he shall be imprisoned until the sentence is fully complied with and all costs paid, * * *." The latter statute cures any deficiency in the judgment asserted by appellant because it applies alike to misdemeanors and felonies, and is a part and parcel of every sentence to a fine. Ex parte Secrest, 326 Mo. 837, 32 S.W.2d 1085, 1087[1]. Ex parte Campbell, Mo. App., 197 S.W. 1058, is directly in point. The verdict and judgment fixed defendant's punishment at a fine and made no provision for commitment upon nonpayment. Defendant was later imprisoned for failure to pay the fine and he contended that he could not be lawfully confined in jail for nonpayment of fine because imprisonment for failure to pay was not in the judgment. He was denied relief because under the statute (now Section 546.-830) imprisonment follows as a matter of course in all cases of default in paying a fine and provision for imprisonment need not be specially made in the judgment. 197 S.W. l.c. 1059[1].

Appellant's citations are not in point. Boyd v. Archer, 9 Cir., 42 F.2d 43, 70 A.L.R. 1507, held that where a judgment of fine and imprisonment fails to provide for additional imprisonment in case the fine be not paid, a direction to that effect inserted in the judgment by the clerk is unauthorized and void. There was no statute in the nature of Section 546.830, and the clerk could not do what the judge did not do. In State v. Bryant, N.C., 111 S.E.2d 591, the judgment assessed punishment of imprisonment and fine without provision for additional imprisonment upon nonpayment of fine. Under those circumstances the reviewing court could not determine if the

imprisonment itself also covered any detention authorized in case of failure to pay the fine. Hill v. United States, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283, held only that addition to a judgment of a provision for commitment for nonpayment of fine could not be justified by usage or upon unrecorded instruction by the judge to a clerk. Again, there was no statute making commitment a part of a judgment assessing a fine as punishment.

Both parties have also briefed State v. Hart, Mo., 411 S.W.2d 143, State v. King, Mo., 372 S.W.2d 857, and State v. Pace, Mo., 402 S.W.2d 351, which recognize that a prisoner held under color of law is not entitled to resort to self-help and escape, but must apply for release through legal channels. It is not necessary to comment further because, as previously demonstrated, this appellant was lawfully confined upon conviction of a criminal offense at the time he broke jail and escaped.

Appellant charges also that the findings of the court relative application of the second offender statute are not sufficient to invoke that act because the court did not find, as required, that appellant had been convicted of and sentenced for one or more offenses punishable by imprisonment in the penitentiary.

The second offender act, Section 556.280, V.A.M.S., applies: "If any person convicted of any offense punishable by imprisonment in the penitentiary * * * shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is charged with having thereafter committed a felony, * * * Evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation shall be heard and determined by the trial judge, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon * * *." In order for the act to apply the court must find that the defendant has been previously convicted of and sentenced for one or more offenses punishable by imprisonment in the peniten-

tiary and that he had subsequently been imprisoned, fined, paroled or placed on probation therefor. State v. Garrett, Mo., 416 S.W.2d 116, 120 [7–9]; State v. Hawkins, Mo., 418 S.W.2d 921, 927[15].

 The court, out of the hearing of the jury and prior to submission of the case to the jury, took evidence on the second offense allegation of the information. The judgment in Case 17,339 in the Circuit Court of Putnam County, Missouri, was received as Exhibit 1. It showed that appellant was convicted September 16, 1966, of "brandishing and and flourishing a dangerous and deadly weapon in a rude, angry and threatening manner in the presence of Paul Bradshaw," an offense punishable by imprisonment in the penitentiary and by fine under Section 564.610, supra. Exhibit 1 also showed the imposition of a fine of $100. The judge's minute entries relative Case 17,339, Exhibit 3, showed that execution on the fine was stayed until October 3, 1966, and ordered commitment of appellant if the fine was not then paid. These minutes and the court record of October 3, 1966, Exhibit 2, showed that the appellant failed to pay the fine and that the court set aside the stay of execution and ordered a warrant for commitment of the appellant. Paul Bradshaw, Sheriff of Putnam County, Missouri, arrested and imprisoned appellant to "serve out the fine" November 30, 1966.

This evidence supported the court's findings on the applicability of the second offense act and those findings comport in all respects with the requirements of the statute and cited cases. They referred to the judgment of and conviction for exhibiting a dangerous and deadly weapon, a felony punishable by imprisonment, subsequent imposition of a fine, and commitment to jail for nonpayment.

In State v. Garrett, supra, and State v. Hawkins, supra, cited by appellant as authority for reversal for more adequate findings, the court made an inadequate finding of prior conviction and there was no evidence of prior conviction before the court upon review to show the finding to be sufficient.

Matters of record for examination under Criminal Rules 28.02 and 28.08, V.A.M.R., are free of error.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.